IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SAMUEL C. COSBY,           )
                           )
    Plaintiff,             )
                           )
                           )   No. CIV-16-1433-F
v.                         )
                           )
OKLAHOMA COUNTY            )
SHERIFF'S OFFICE, et al.,  )
                           )
    Defendants.            )

## REPORT AND RECOMMENDATION

Plaintiff, a state pretrial detainee appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging deprivations related to the conditions of his confinement and a "[s]peedy trial right violation." Amended Complaint, at 8. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). On January 20, 2017, Plaintiff filed an Amended Complaint (Doc. # 9). An initial review of the sufficiency of the Amended Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) has been conducted. Based upon this review, it is recommended that the cause of action be dismissed upon filing for failure to state a claim upon which relief

1

may be granted.

I. Statutory Screening of Prisoner Complaints

Federal district courts must screen complaints filed by pretrial detainees or prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant who is proceeding *in forma pauperis* the court has a duty to screen the complaint to determine its sufficiency. 28 U.S.C. § 1915(e)(2)  In this initial review, the court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009)(quotations and citation omitted).

In applying this standard, the court must assume the truth of all well-pleaded

factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See Leverington v. City of Colo. Springs, 643 F.3d 719, 723 (10th Cir. 2011). On the other hand, "bare assertions" consisting of "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citing Twombly, 550 U.S. at 554–555).

Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997). See Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008)(court reviewing pro se complaint does not "assume the role of advocate")(quotations and citation omitted). Frivolous claims that "lack[ ] an arguable basis either in law or in fact" or are "based on an indisputably meritless legal theory" are also subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

II. Legal Entity Capable of Being Sued under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was

deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The only Defendants named in the Amended Complaint are two "Unknown Agents under oath of Oklahoma County Sherriffs [sic] Office" and the Oklahoma County Sheriff's Office. Amended Complaint, at 1-2. Plaintiff complains in the Amended Complaint about various conditions of his present confinement as a detainee in the Oklahoma County Detention Center, but the body of the Amended Complaint contains no allegations of specific conduct by any particular individual other than one vague assertion that Plaintiff was "threatend [sic] and food witheld [sic] by Rover." Amended Complaint, at 6.

Plaintiff states that he is seeking relief from the two "Unknown Agents" in their official capacities as employees of the Oklahoma County Sheriff's Office and the only relief requested in Plaintiff's Amended Complaint is a request for monetary damages from Oklahoma County. See Amended Complaint, at 2, 4, 6-8. Plaintiff's claims against these "Unknown Agents" in their official capacities are essentially claims against Oklahoma County. See Watson v. City of Kan. City, 857 F.2d 690, 695 (10th Cir. 1988).

In Oklahoma, each organized county has the capacity to sue or be sued, and a lawsuit brought against a county in Oklahoma must be filed against the Board of County Commissioners for the particular county. Okla. Stat. tit. 19, §§ 1, 3, 4. A county sheriff's office in Oklahoma, which operates as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law.

Defendant Oklahoma County Sheriff's Office, therefore, cannot be sued in this Court. See Lindsey v. Thomson, 275 Fed. App'x 744, 747 (10th Cir. 2007)(unpublished op.)(affirming dismissal of entities with "no apparent legal existence," including Carter County Sheriff's Department).

For a municipality or local government to be liable under § 1983 for the acts of its employees, a plaintiff must prove: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Becker v. Bateman, 709 F.3d 1019, 1025 (10th Cir. 2013)(internal quotation marks omitted). "That is, a plaintiff must show that the [county] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the [county] action and the deprivation of federal rights." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 404 (1997). See Farmer v. Brennan, 511 U.S. 825, 838 (1994)(noting Supreme Court

had "rejected a reading of the Eighth Amendment that would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions").

Plaintiff has not alleged that a policy, or even a custom or practice, of Oklahoma County or the Board of County Commissioners for Oklahoma County had any connection with the claims asserted in the Amended Complaint. See Dodds v. Richardson, 614 F.3d 1185, 1202 (10th Cir. 2010)(recognizing Supreme Court has imposed liability under 42 U.S.C. § 1983 upon municipalities only "when the enforcement of their policies or customs by their employees causes a deprivation of a person's federally protected rights").

Because Plaintiff has failed to state a plausible claim for relief under 42 U.S.C. § 1983 against Defendant "Unknown Agents" in their official capacities or against Defendant Oklahoma County Sheriff's Office, the cause of action against Defendant "Unknown Agents" and Defendant Oklahoma County Sheriff's Office should be dismissed without prejudice under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of

action be DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by _____March 20th_____, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___27th___ day of _____February_____, 2017.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE