# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMUEL C. COSBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-16-1433-F |
| | ) |
| OKLAHOMA COUNTY SHERIFF'S OFFICE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is brought under 42 U.S.C. § 1983, by a state pre-trial detainee, appearing *pro se*. Magistrate Judge Gary M. Purcell filed a Report and Recommendation which, upon initial review of the complaint, recommends dismissal without prejudice for failure to state a claim. Deficiencies in the complaint which the Report identifies include lack of specificity regarding the defendants, lack of specificity regarding the nature of the conduct out of which this action arises, the fact that the Sheriff's Office is not an entity which can be sued in this court, and the fact that the law requires a county to be sued by naming the Board of County Commissioners (which the current version of the complaint does not do).

Plaintiff objects to the Report. Doc. no. 14. The objections set out additional information about the events in question in this action. The objections also include what appears to be a request to substitute the Board of County Commissioners of Oklahoma County for the defendants who are currently named in this action. Doc. no. 14, p. 3 of 3 ("Please amend 'Defendants' to be filed against to 'Board of county commissioners or whomever is to be held responsible.").

The court agrees with the Report that the complaint, as it stands, fails to state a claim and that absent amendment it should be dismissed for the reasons stated by the magistrate judge. Construing plaintiff's objections liberally, however, the court finds that plaintiff has requested leave to amend in an effort to set out his claims with sufficient specificity and in an otherwise plausible manner, and to substitute the Board of County Commissioners of Oklahoma County as the defendant.

Plaintiff's objections are **DENIED IN PART** and **GRANTED IN PART**, as follows. To the extent that plaintiff has objected to the Report's conclusion that the complaint, as currently drafted, is insufficient, the objections are **DENIED** because the court agrees with the magistrate judge that the complaint fails to state a claim. To the extent that plaintiff's objections are construed as a motion for leave to amend, the motion is **GRANTED**. This means that despite the undersigned's **APPROVAL** of the Report, this action is not dismissed at this time. Rather, plaintiff is given leave to amend within twenty-one days of the date of this order. If a timely amended complaint is not filed, this action will be dismissed at that time, without prejudice, for the reasons stated in the Report and without need of a separate order.

IT IS SO ORDERED this 28th day of March, 2017.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-1433p001.docx